IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SIMON ALLEN, JR., | ) Civil Action No. 3:09-3336-RMG-JRM |
| Plaintiff, | ) |
| vs. | ) |
| MAJOR PHILLIP ANDERSON; | ) **REPORT AND RECOMMENDATION** |
| CAPT. SHARON MIDDLETON; | ) |
| CPL. COX; | ) |
| CPL. SMILEY; | ) |
| HEAD NURSE MCFATTEN; | ) |
| SGT. MOTON; AND | ) |
| CPL. LOVE, | ) |
| Defendants | ) |

Plaintiff filed this action on December 28, 2009.[1] At the time of the alleged incidents, he was a pretrial detainee at the Greenwood County Detention Center ("GCDC"). He has since been released from detention. See Doc. 8 (Plaintiff's Change of Address Notification). On May 21, 2010, Defendant Christine McFadden,[2] a LPN employed by Southeastern Service Group, Inc., filed a motion for summary judgment. Because Plaintiff is proceeding pro se, he was advised on May 24, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for summary judgment could result in the dismissal of his complaint. Defendants Major Phillip Anderson, Captain Sharon Middleton, Cpl. Cox, Cpl. Smiley, Sgt. Moton, and Cpl. Love, all employees of the GCDC (the "GCDC Defendants"), filed a motion for summary

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

[2]The correct spelling of this Defendant's last name is "McFadden," not McFatten." See McFadden Aff.

judgment on June 22, 2010. A second Roseboro order was issued on June 23, 2010. Plaintiff filed a response on July 28, 2010.

**DISCUSSION**

Plaintiff alleges that Defendants subjected him to cruel and unusual punishment because they failed to provide him with pain medication and medical care after some of his dental fillings fell out. He also alleges a claim for negligence. Defendant McFadden contends that she is entitled to summary judgment because: (1) Plaintiff fails to show that she was deliberately indifferent to any of his serious medical needs, and (2) Plaintiff failed to exhaust his available administrative remedies. The GCDC Defendants contend that they are entitled to summary judgment because: (1) Plaintiff fails to show they were deliberately indifferent to any of Plaintiff's serious medical needs; (2) they are entitled to qualified immunity; (3) they cannot be held liable under the doctrine of respondeat superior;[3] (4) to the extent Plaintiff failed to exhaust his available administrative remedies, the complaint should be dismissed; (5) Plaintiff has no claim against these Defendants based on state law; and (6) Plaintiff has offered no expert testimony to establish a deviation from the standard of care or damages proximately caused to him.

---

[3]The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

1. <u>Administrative Remedies</u>

Defendant McFadden argues that this action should be dismissed because Plaintiff stated that he had not filed a grievance or received a final agency/departmental/institutional determination concerning the matters alleged. McFadden Motion for Summary Judgment at 6. The GCDC Defendants contend that "[t]o the extent the plaintiff failed to comply with the Prison Litigation Reform Act of 1995, the plaintiff's action should be dismissed." GCDC Defendants' Motion for Summary Judgment at 6.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In <u>Porter v. Nussle</u>, 534 U.S. 516 (2002), the Supreme Court held that the Prison Litigation Reform Act's ("PLRA"), 42 U.S.C. § 1997, exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>Porter</u>, 534 U.S. at 532. The Fourth Circuit, in <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, 407 F.3d 674 (4th Cir. 2005), held that an inmate's failure to allege exhaustion does not constitute failure to state a claim and the failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies." <u>Id.</u> at 683.

The parties appear to disagree as to whether Plaintiff exhausted his administrative remedies. Contrary to Defendant McFadden's argument, Plaintiff stated in his Complaint that he filed a grievance concerning the claims raised in this matter in approximately "November 29th - December 2009" (Complaint at 2), but he did not receive any response(s) to his grievances. The GCDC Defendants have not provided a copy of the GCDC grievance policy and have not provided any information as to whether GCDC received any grievances from Plaintiff or if any grievances were processed.

2. Medical Claims

Plaintiff appears to allege that Defendants were deliberately indifferent to his serious medical conditions because he was in pain from his fillings falling out; McFadden denied him pain medication; he wrote grievances to Anderson and Middleton; and he told Cox, Love, Patterson, Moton and Smiley about his pain. He claims that he saw the doctor the next day (after asking McFadden for pain medication) and McFadden lied to the doctor, stating she did not know how long Plaintiff had been "this way." Plaintiff claims that the doctor told McFadden to put Plaintiff "on penicilla [sic] now, right now." He claims that he lost weight from not being able to eat for several days. Complaint at 3. Defendant McFadden contends that Plaintiff fails to show that she was deliberately indifferent to his serious medical needs because she was not working at the GCDC on the day Plaintiff claims she denied him pain medications and Plaintiff was seen by a physician and provided appropriate treatment the same day he submitted his sick call requests. The GCDC Defendants contend that Plaintiff fails to show that they had serious medical needs and he fails to show that Defendants were deliberately indifferent to his very minor dental issue.

4

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976).[4]  The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment.  This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

---

[4] Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983).  However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). See Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)(citing Estelle v. Gamble, 429 U.S. 97 (1976)).

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Plaintiff fails to show that Defendants were deliberately indifferent to any of his serious medical needs. On November 28, 2009, Plaintiff underwent a Receiving Screening. No problems

6

were indicated. Plaintiff reportedly had not seen a dentist (prior to his detention) for over six months. Defendant McFadden states that she was not working at the GCDC on Saturday, November 28, 2009, or Sunday, November 29, 2009. McFadden has provided copies of Plaintiff's requests for medical attention which reveal that Plaintiff did not submit such requests to staff at GCDC until December 2, 2009. That same day, Plaintiff was examined by a physician who noted that Plaintiff complained of lower jaw swelling with pain and that a filling fell out three to four days before. The physician noted that Plaintiff had multiple dental caries, missing teeth, a right bottom molar with a large hole, and a swollen gum which was very tender. An antibiotic (Amoxil) and an anti-inflammatory medication (Ibuprofen) were prescribed. The medical record indicates that these medication were administered and that on December 10, 2009, another pain reliever (Ultram) was started. A request to Piedmont Dental for a consultation (including tooth extraction) was submitted by the physician. See McFadden Aff. and Attachments. Plaintiff admits that he received pain medication ("3 motrins") from Nurse McNarry the day before he was examined by the physician. Complaint at 3.

To the extent that Plaintiff alleges a claim due to a delay in treatment,[5] he fails to show that the delay resulted in some substantial harm or that it created a substantial risk of serious harm of which Defendants were aware. See, e.g., Webb v. Hamidullah, 281 Fed.Appx. 159 (4th Cir. 2008)(Eighth Amendment violation only occurs if the delay results in some substantial harm to the patient); Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000) ("Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in

---

[5]In his Complaint, Plaintiff is unclear concerning the dates that his filling(s) fell out. He writes "[i]in the month of Nov. 29th 2009," but appears to allege that he did not tell Nurse McFadden and Cpl. Smiley about his filling(s) falling out until the day before he was seen by a physician. See Complaint at 3.

7

substantial harm."); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993)(same); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990)(same). But see Blackmore v. Kalamazoo County, 390 F.3d 890, 899 (6th Cir. 2004) ("This [constitutional] violation is not premised upon the 'detrimental effect' of the delay, but rather that the delay alone in providing medical care creates a substantial risk of serious harm [of which prison officials are aware].").

Plaintiff appears to disagree with the type and amount of medical/dental treatment he received. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). The provision of medical care by prison officials is not discretionary, but the type and amount of medical care is discretionary. See Brown v. Thompson, 868 F. Supp. 326 (S.D.Ga. 1994). A disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. See Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986). Although Plaintiff believes that he should have received different medical/dental treatment, he fails to show that Defendants' actions or inactions rose to the level of a constitutional violation.

3. Qualified Immunity

The GCDC Defendants contend that they are entitled to qualified immunity in their individual capacities. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Id. at 818.

> The Court of Appeals for the Fourth Circuit, discussing qualified immunity, stated:
>
>> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that the GCDC Defendants violated any of his clearly established constitutional or statutory rights. Therefore, the GCDC Defendants are entitled to qualified immunity in their individual capacities.

    4.     <u>State Law Claims</u>

Plaintiff appears to allege a claim for negligence under South Carolina law. The GCDC Defendants argue that the South Carolina Tort Claims Act operates to bar Plaintiff's claim because Plaintiff fails to show gross negligence, there is no liability for certain discretionary acts, and the action must be asserted against a governmental entity and not an individual defendant. These Defendants also argue that to the extent Plaintiff is alleging a malpractice claim, such a claim fails because Plaintiff has not presented expert testimony to establish the required standard of care and a breach of that standard of care. As Plaintiff fails to show that Defendants violated his rights under § 1983 (as discussed above), it is recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any state law claims be dismissed.

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motions for summary judgment (Docs 27 and 30) be **granted** as to Plaintiff's federal claims and that Plaintiff's state law claims be **dismissed without prejudice**.

Joseph R. McCrorey
United States Magistrate Judge

October 5, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).