| | |
|---|---|
| Simon Allen, Jr., | Civil Action No. 3:09-cv-3336-RMG |
| Plaintiff, | |
| vs. | **ORDER** |
| Major Phillip Anderson, et. al., | |
| Defendants. | |

In this *pro se* action Plaintiff alleges that Defendants subjected him to cruel and unusual punishment because they failed to provide him with pain medication and medical care after some of his dental fillings fell out. He also alleges a claim for negligence. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. The Magistrate Judge has issued a Report and Recommendation that Defendants' motions for summary judgment should be granted. (Dkt. No. 38). Plaintiff has filed objections to the R&R. (Dkt. No. 41). As explained herein, this Court agrees with the Report and Recommendation and grants Defendants' motions for summary judgment. Plaintiff has failed to specifically object to the Report and Recommendation as he has simply restated the same conclusory and unsupported arguments presented to the Magistrate Judge in opposition to the motion for summary judgment and simply relies in many places on the arguments contained in his opposition to summary judgment.

1

## LAW/ANALYSIS

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

As directed by the Fourth Circuit, this Court may only consider objections to the Report and Recommendation that direct this Court to a *specific* error. All of Plaintiff's "objections" merely rely on or rehash the same conclusory arguments presented in his return to Defendants' motions for summary judgment. (*See* Dkt. No. 33 *compare with* Dkt. No. 41).

Nonetheless, a thorough review of the Record reflects that Plaintiff cannot demonstrate that he was subjected to cruel and unusual punishment as he received adequate and proper medical care. Further, the Greenwood County Detention Center Defendants are entitled to qualified immunity. Thus, the Court finds no error of law made in the Magistrate Judge's Report and Recommendation. Thus, this Court finds that

2

the issues Plaintiff has raised were correctly addressed by the magistrate judge. This Court will not address the same issues a second time.

## CONCLUSION

After a thorough review of the record, magistrate judge's Report and Recommendation, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate judge's Report and Recommendation in its entirety as the Order of this Court and the Defendants' motions for summary judgment (Dkt. Nos. 27 & 30) are **GRANTED** Plaintiff's state law claims are dismissed without prejudice. *See Lewis v. Eagleton*, 2010 WL 1903986 (D.S.C. May 10, 2010) (adopting the report and recommendation of the magistrate judge where the petitioner merely rehashed the same arguments presented to the magistrate judge).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 29, 2010
Charleston, South Carolina